Tompkins, J.,
delivered the opinion of the Court.
Ford applied to the Circuit Court to have allowed him two accounts, the one for expenses incurred in the execution of Jacob Stewart, convicted of murder at the March term term of that Court for the year 1830; the other for expenses incurred in the execution of Hampton, a slave, convicted of murder at the February term, 1832. These accounts the Circuit Court would not allow, and at the last term of this Court, at the instance of Ford, a conditional mandamus was awarded, requiring the Circuit Court to show cause, and on the return to that mandamus the cause is brought up. Ford now moves for a peremptory mandamus.
The charges are for erecting a gallows, conducting the prisoners to execution, furnishing rope to hang them, coffins, &c. No fees for such services are allowed by the act to regulate the fees of the several officers of this Stale, passed the 19th February, 1825; and the 29th section of that act imposes a penally on any officer receiving any more or greater fees than are allowed by that law. No other law authorizes the Circuit Court to allow pay for such services. The Sheriff is allowed ten dollars for executing the sentence of death, and this sum is to be paid by the State, when there is no estate of the deceased whereof the money can be made. It certainly could not have been intended by the Legislature that the Sheriff should, out of that sum, pay for the erection of a gallows, a coffin for deceased, and the expenses of burying him, when it become necessary to perform such services. But *219 ihe power to allow such expenses is not given by it to the Circuit Court. We are therefore of opinion, that that Court did not err in refusing to allow the accounts. The motion therefore for a peremptory mandamus is overruled.